

WENDELIN I. LIPP
U. S. BANKRUPTCY JUDGE

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

| | | |
|---|---|---|
| In re: | : | |
| | : | |
| Alicia Maria Dennis, | : | Case No.: 09-33957-WIL |
| | : | Chapter 7 |
| Debtor. | : | |
| | : | |
| Alicia Maria Dennis, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Adversary Proceeding No.: 10-00303 |
| | : | |
| BankUnited, *et al.*, | : | |
| | : | |
| Defendants. | : | |

### MEMORANDUM OF DECISION IN SUPPORT OF
### <u>ORDER DISMISSING COMPLAINT</u>

Before the Court is the Plaintiff's Complaint instituting the above-captioned adversary proceeding (the "Complaint"). The Complaint is titled: "Title 42 Section 1983 Lawsuit Pursuant to Public Law at 42 Stat 13-15 as Original Intent of Congress Prima Facie Code Title 42, United States Code (U.S.C.) Section 1983." BankUnited, Bank of America, N.A. and BAC Home Loan Servicing, LP, the named Defendants, each filed a Motion to Dismiss Complaint. The Court held a hearing to consider the Complaint and motions to dismiss on July 14, 2010. As set forth

on the record at the hearing, and as set forth fully herein, the Complaint is hereby dismissed for the Plaintiff's lack of standing. In the alternative, the Court elects to abstain from hearing this matter pursuant to 28 U.S.C. § 1334(c)(1).

### A. The Debtor's Bankruptcy Case

The Debtor/Plaintiff filed a petition for relief under Chapter 13 of the Bankruptcy Code on December 8, 2009. Debtor's Schedule A, which was filed with her petition, lists the Debtor's real property located at 2800 Moore's Plains Blvd., Upper Marlboro, MD 20774 (the "Property") as having a current value of $350,000.00 and secured claims of $494,129.28. Debtor's Schedule C lists no property and Debtor's Schedule D lists BankUnited as having a claim secured by the Property in the amount of $399,949.28 and lists Bank of America as having a claim secured by the Property in the amount of $94,180.00. Neither BankUnited's claim nor Bank of America's claim is listed as contingent, unliquidated, or disputed.

On February 18, 2010, the Debtor filed amended bankruptcy schedules for the third time [Docket Nos. 54 and 55]. Debtor's Amended Schedule A lists the Property as having a current value of $327,000.00 and secured claims of $327,000.00. Amended Schedule B does not list any causes of action with respect to the Property or the secured claims thereon. Amended Schedule C lists the Property as having a current value of $327,000.00, but claims no exemption in the Property. Amended Schedule D lists BankUnited as having a claim secured by the Property in the amount of $399,949.28, of which $72,949.28 is listed as unsecured, and lists Bank of America as having a claim in the amount of $94,180.00, the entire amount of which is listed as unsecured. Again, neither BankUnited's claim nor Bank of America's claim is listed as contingent, unliquidated, or disputed.

The Debtor's case was converted to one under Chapter 7 on February 2, 2010, upon the

Debtor's request. On March 11, 2010, the Chapter 7 Trustee appointed to administer the Debtor's bankruptcy estate filed his Report of No Distribution indicating that there is no property available for distribution from the Debtor's bankruptcy estate. On June 9, 2010, the Debtor received her Chapter 7 discharge. On April 22, 2010, prior to entry of the Debtor's discharge, BankUnited filed a Motion for Order Granting Relief From Automatic Stay (the "Lift Stay Motion") [Docket No. 65]. The Lift Stay Motion states that BankUnited is the current payee of a promissory note secured by a deed of trust dated February 23, 2007, on the Property. The Lift Stay Motion requests relief from the automatic stay of 11 U.S.C. § 362(a) to allow BankUnited to commence foreclosure proceedings on the Property. Despite being served with a copy of the Lift Stay Motion and related notice, the Debtor did not file a response or otherwise oppose the Lift Stay Motion. Consequently, on May 24, 2010, an Order Lifting Automatic Stay was entered [Docket No. 77].

On May 7, 2010, prior to entry of the Order Lifting Automatic Stay, the Debtor commenced the instant adversary proceeding. On May 19, 2010, the Debtor filed an Amended Schedule D, which lists Bank of America as having a "disputed" claim in the amount of $94,180.00 secured by the Property and lists BankUnited as having a "disputed" claim in the amount of $399,949.28 secured by the Property [Docket No. 72]. On June 10, 2010, the Debtor filed Amended Schedules A and C [Docket No. 80]. The Amended Schedule A lists no secured claims for the Property. The Amended Schedule C claims an exemption of $327,000.00 in the Property pursuant to 11 U.S.C. § 502(b)(1).

**B.   The Complaint**

Although very difficult to decipher, the Complaint alleges that the Defendants violated various federal statutes in connection with a mortgage loan obtained by the Debtor. The

Complaint asserts that the mortgage obligation is voidable based on the Defendants' "fraudulent and illegal activity, violating the rules of the laws under which the note/ instrument bond is expressly governed and also violated their duty as officers sworn statutorily to act within the parameters of the National Bank Act and other applicable statutes." BankUnited filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and 12(h)(3), made applicable to adversary proceedings by Fed. R. Bankr. P. 7012, stating that the Plaintiff has failed to state any claims upon which relief may be granted and also challenging the Plaintiff's standing to bring the alleged cause of action. Defendants Bank of America, N.A. and BAC Home Loan Servicing, LP also filed a Motion to Dismiss Complaint pursuant to Fed. R. Civ. P. 12(b)(6). Bank of America, N.A. and BAC Home Loan Servicing, LP also challenge the Plaintiff's standing to bring the alleged cause of action.

**C.    Standing**

Property of the bankruptcy estate includes *all* of the debtor's interests in any cause of action that has accrued prior to the filing of the bankruptcy petition. *Miller v. Pacific Shore Funding,* 287 B.R. 47, 50 (D. Md. 2002). "In a chapter 7 bankruptcy case, any unliquidated lawsuits initiated by a debtor prepetition (or that could have been initiated by the debtor prepetition) become part of the bankruptcy estate subject to the sole direction and control of the trustee, unless exempted or abandoned or otherwise revested in the debtor." *Bailey v. Household Finance Corp. III (In re Bailey)*, 306 B.R. 391, 392 -393 (Bankr. D.D.C. 2004). If a cause of action is part of the bankruptcy estate, then the trustee alone has standing to bring that claim. *Miller,* 287 B.R.at 50  *(citing Nat'l Am. Ins. Co. v. Ruppert Landscaping Co.,* 187 F.3d 439, 441 (4th Cir.1999)). "Because '[t]he bankruptcy trustee is the legal representative of the bankruptcy estate,' the debtor may not pursue a cause of action which is the property of the bankruptcy

estate unless the trustee abandons the claim or participates in the cause of action.'" *Steger v. General Elec. Co.,* 318 F.3d 1066, 1080 (11th Cir. 2003) (*quoting In re Alvarez,* 224 F.3d 1273, 1279-80 (11th Cir. 2000)). "Under Maryland law, a cause of action accrues when: (1) the legally operative facts permitting the filing of a claim come into existence; and (2) the claimants have notice of the nature and cause of their injury." *Miller,* 287 B.R. at 50.

In this case, although the Court cannot determine the exact nature of the Debtor's claims due to the vagueness of the Complaint, the Debtor confirmed at the hearing on July 14, 2010, that her claims stem from prepetition loans secured by the Property. As the Debtor's claims accrued prepetition, they were a part of her bankruptcy estate and standing to pursue any such claims vested with the Chapter 7 Trustee upon conversion of the Debtor's bankruptcy case from Chapter 13 to Chapter 7. Absent abandonment or participation by the Chapter 7 Trustee, neither of which has occurred in this case, the Debtor lacks standing to pursue this adversary proceeding. *See In re Bailey*, 306 B.R. at 392.

Additionally, the Court notes that the Debtor failed to list any cause of action against the Defendants as an asset on her bankruptcy schedules. Although at the hearing the Debtor explained that she amended her schedules to list the Defendants as having unsecured claims, the Court explained that the proper place to list any causes of action against the Defendants would have been on Schedule B, which the Debtor failed to do. As such, the Trustee never had notice of the existence of this alleged cause of action in order to pursue or abandon the claim, if one exists.

D.     **Permissive Abstention**

Alternatively, the Court finds that the facts and circumstances of this case permit the Court to permissively abstain from considering the merits of this matter. 28 U.S.C. § 1334(c)(1)

permits a bankruptcy court to abstain from a proceeding arising under title 11 or arising in or related to a case under title 11 if the interests of justice or if considerations of comity warrant abstention.  *See 28 U.S.C.* § 1334(c)(1); *see also Hoge v. Moore (In re Railworks Corp*.)*,* 345 B.R. 529, 540 (Bankr. D. Md. 2006).  "Although abstention is the exception rather than the rule, the decision to abstain is within the sound discretion of the court." *Barge v. Western Southern Life Ins. Co.,* 307 B.R. 541, 547 (S.D.W.Va. 2004).  Numerous factors have been identified in deciding whether discretionary abstention applies to a particular matter, including: (1) efficiency in the administration of the debtor's estate; (2) the extent to which state issues predominate over bankruptcy issues; (3) whether the issues involve difficult or unsettled questions of state law that would be better addressed by a state court; (4) the presence of a related proceeding commenced in state court; (5) the existence of a jurisdictional basis other than Section 1334; (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; (7) the substance rather than form of an asserted "core" proceeding; (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court; (9) the burden of the federal court's docket; (10) the likelihood that the commencement of the proceeding in federal court involves forum shopping by one of the parties; (11) the existence of a right to a jury trial; and (12) whether non-debtor parties are involved in the proceeding.  *In re Railworks Corp*., 345 B.R. at 540, n. 6.  These factors should be applied on a case by case basis with no one factor necessarily determinative*.  Barge v. Western Southern Life Ins. Co.,* 307 B.R. at 547.

In this case, the Debtor relies on various federal statutes to support her claims; however, it does not appear that any of her claims arise under title 11, nor do they relate to the Debtor's bankruptcy case.  The Debtor has received her Chapter 7 discharge and the Chapter 7 Trustee has certified that he has fully administered the Debtor's bankruptcy estate.  Except for several

identical adversary proceedings and related motions filed in the Debtor's bankruptcy case, her case is ready to be closed.  The automatic stay of 11 U.S.C. § 362(a) has been lifted as to the Property, which means the Property is no longer property of the bankruptcy estate.  Moreover, the Debtor has been discharged from any *in personam* liability regarding the Property.  Although the Debtor has filed several motions in her main bankruptcy case seeking to vacate the Order Lifting Automatic Stay as to the Property, the motions were untimely and have been denied through separate orders entered contemporaneously herewith.  The Debtor can defend in state court against any foreclosure proceedings commenced against the Property.  Accordingly, to the extent the Debtor's cause of action consists of defenses to a foreclosure proceeding, the interests of justice warrant abstention.  *See* 28 U.S.C. § 1334(c)(1).

**E.    Conclusion**

For the reasons stated on the record at the hearing held on July 14, 2010, and as more fully set forth herein, the Complaint shall be dismissed.  Alternatively, this Court abstains from hearing this matter pursuant to 28 U.S.C. § 1334(c)(1).  A separate order will issue.


cc:    Plaintiff/Debtor
       Defendants
       Counsel for Defendants
       Chapter 7 Trustee

**END OF MEMORANDUM**